**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

June 22, 2007

LETTER OPINION
ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

Re:   **RICHARD TURBACK, JR. v. BOROUGH OF SPOTSWOOD, et al.**
      **No. 05-3490**

Dear Parties,

   Presently before the Court are motions for summary judgment pursuant to Fed. R. Civ. P. 56 dismissing Plaintiff Richard Turback, Jr.'s malicious prosecution claim. The motions are brought by Defendants Brian Keenan, James Mead, John Pfeiffer, Louis Sarti and Kevin Palmer. For the following reasons, the Court grants Defendants' motions for summary judgment dismissing Plaintiff's malicious prosecution claim.

**I.   Background**

   This lawsuit stems from two separate incidents that occurred in the summer of 2003. On June 6, 2003, Plaintiff was arrested due to an incident involving Plaintiff's possession and firing of a paintball gun. Following this incident, the Middlesex County Grand Jury indicted the Plaintiff for Unlawful Possession of a Weapon, Aggravated Assault, and Resisting Arrest. *See* Defendants' Exhibit N, Indictment No. 03-07-00963. On August 26, 2003, in a separate and unrelated incident, Plaintiff was arrested after police officers responded to a call at his home involving a domestic dispute. Following this incident, Plaintiff was charged with Criminal Mischief, Aggravated Assault in violation of N.J.S.A. 2C:12-1(b)(5)(a), Throwing Bodily Fluids on a Police Officer in violation of N.J.S.A. 2C-12-13, Resisting Arrest in violation of N.J.S.A. 2C-29-2(a), and Obstruction of Justice in violation of N.J.S.A. 2C:29-1(a). *See* Defendant's Exhibit T, Summons-Complaint No. S-2003-000228-1224; Defendant's Exhibit W, Warrant-Complaints Nos. S-2003-275, 276, 277-1224 and Summons-Complaint No. 2-2003-000227.

   On December 10, 2003, Plaintiff entered into a plea bargain. *See* Defendants' Exhibit Y, Plea Form. As part of the plea bargain, Plaintiff voluntarily pled guilty to the charge of Unlawful Possession of a Weapon in violation of N.J.S.A. 2C:39-5(b) from the June 6, 2003 incident. The remaining charges stemming from the June 6, 2003 incident and all of the charges stemming from the August 26, 2003 incident were dismissed.

On May 25, 2005, Plaintiff filed a seven-count complaint against Defendants Borough of Spotswood, Sgt. Brian Keenan, Detective Philip Corbisiero, Detective Gene Scheicher, and Officers James Mead, John Pfeiffer, Louis Sarti and Kevin Palmer.[1]  The complaint asserts various Constitutional and state-law based claims against Defendants arising from the interactions between Plaintiff and the Defendants on June 6, 2003 and August 26, 2003.

Discovery in this matter concluded on December 9, 2006.  Pursuant to the Magistrate Judge's Pre-Trial Order, dated February 9, 2007, the individual Defendants were given leave to file a dispositive motion regarding Count 7 in Plaintiff's complaint, which alleges malicious prosecution.  The instant motions for summary judgment followed.

## II.    Standard of Review

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are critical or "material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party.  *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial.  *Id.* at 324.  In so presenting, the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party.  *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial.  *Anderson*, 477 U.S. at 249.  If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment.  *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

---

[1] Pursuant to stipulations of dismissal filed in February and March of 2007, the claims against the Borough of Spotswood, the Police Department of the Borough of Spotswood , Sgt. Corbisiero and Detective Scheicher were dismissed.

### III.     Legal Discussion

To prevail on a malicious prosecution claim, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) (citing *Donahue v. Gavin*, 280 F.3d 371, 379-80 (3d Cir. 2002)). The plaintiff must establish each element to prevail on a malicious prosecution claim; upon failure to prove any one element, the cause of action must fail. *Lind v. Schmid*, 67 N.J. 255, 262 (1975).

The Court finds that summary judgment must be granted to the Defendants dismissing Plaintiff's malicious prosecution claim, as Plaintiff cannot prove the second element listed above – that the criminal proceeding at issue terminated in Plaintiff's favor. It is well settled that once a criminal charge is withdrawn or a prosecution is abandoned pursuant to an agreement or compromise with the accused, "the termination is viewed as indecisive and insufficient" to support a cause of action for malicious prosecution. *Mondrow v. Selwyn*, 172 N.J. Super. 379, 384 (App. Div. 1980). "Having compromised for his peace in the criminal proceeding, the accused may not later contend the proceedings terminated in his favor." *Id.* at 384-85.

Plaintiff entered a guilty plea on December 10, 2003, as part of a plea bargain negotiated by himself, his criminal defense attorney, and the Middlesex County Prosecutor's Office. Although he argues that the Middlesex County Prosecutor's office abandoned the charges resulting from the August 26, 2003 incident, the plea form indicates that the charges against Plaintiff stemming from the August 26, 2003 incident were dismissed in exchange for Plaintiff pleading guilty to the unlawful possession of a weapon arising from the June 6, 2003 incident. *See* Defendants' Exhibit Y, Plea Form. Furthermore, Plaintiff's own lawyer in his criminal case represented that the charges from the August 26, 2003 incident were being dismissed in exchange for Turback pleading guilty to a charge stemming from the June 6, 2003 incident. *See* Defendants' Exhibit Z, Transcript of Plea. Plaintiff's guilty plea clearly resolved all of the charges against Turback stemming from <u>both</u> the June 6 and August 26, 2003 incidents. In accordance with *Mondrow*, because charges against Plaintiff arising from the August 26, 2003 incident against were dismissed in connection with his plea bargain, Turback cannot now argue that the proceedings terminated in his favor. Thus, Plaintiff cannot succeed on his malicious prosecution claim.

### IV.     Conclusion

For the foregoing reasons, the Court grants Defendants' motion for summary judgment dismissing Plaintiff's malicious prosecution claim. An appropriate order accompanies this opinion.

3

/s/ Joel A. Pisano<br>
JOEL A. PISANO, U.S.D.J